**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LUCY BROWN**                                                                                          **PLAINTIFF**

**V.**                                                                               **NO. 4:24-CV-43-DMB-DAS**

**ANYTIME CASH SOLUTIONS, LLC**                                                         **DEFENDANT**

**ORDER**

On April 25, 2024, Lucy Brown filed a complaint in the United States District Court for the Northern District of Mississippi against Anytime Cash Solutions, LLC, "pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination, and 42 U.S.C.§1981 [sic] for race discrimination." Doc. #1 at 1. Anytime answered the complaint on June 20, 2024, including a counterclaim against Brown. Doc. #6. The next day, Anytime docketed as a motion a "Demand for Jury Trial," the entirety of which states, "Pursuant to Rule 38, F.R.Civ.P., and Rule 38, L.U.Civ.R., Defendant and Counterclaimant Anytime Cash Solutions, LLC, demands a jury trial on all claims and issues in this case." Doc. #7. Brown did not respond to the demand.

On August 14, 2024, the attorneys who filed the complaint on Brown's behalf were permitted to withdraw. Doc. #15. In the order allowing their withdrawal, United States Magistrate Judge David A. Sanders instructed Brown to "not later than September 16, 2024, [] either file with the Clerk of the Court, notice of []her intention to proceed pro se, or have new counsel enter their appearance in this action, by that date," "warn[ing] that failure to comply with this order, and/or failing to prosecute this action may result in this action being dismissed." *Id.* at PageID 53. Brown did not provide notice of her intention by September 16 or at any subsequent point.

On November 19, 2024, Anytime filed a motion to dismiss with prejudice Brown's complaint and to dismiss without prejudice its counterclaim against Brown, pursuant to Federal

Rule of Civil Procedure 41(a) and (b), on grounds that "Brown has not filed a notice of intent to proceed pro se, nor has any attorney entered an appearance on her behalf;" "has not responded to [its] discovery requests;" "has not served her Initial Disclosures;" and "has not taken any action of record in this matter since the entry of the Court's Order on August 14, 2024." Doc. #16 at 2 (emphasis omitted).

> Federal Rule of Civil Procedure 41(b) provides in relevant part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

As mentioned above, Brown failed to comply with Judge Sanders' order that she provide notice of whether she intends to proceed pro se and she has not had new counsel enter an appearance on her behalf. And Brown's lack of response to Anytime's motion to dismiss means not only is it undisputed that she failed to serve initial disclosures and failed to respond to discovery requests but failed to comply with her obligations under Federal Rules of Civil Procedure 26, 33, and 34. In short, Brown has done nothing to indicate she intends to prosecute this case so Anytime's request to dismiss her complaint will be granted.[1] Given this, Anytime's request to dismiss its counterclaim without prejudice will be granted too.[2]

---

[1] Given the circumstances here, had Anytime not moved to dismiss Brown's complaint, the Court would have dismissed it on its own. "Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (internal quotation marks and citation omitted); *see Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("[S]ua sponte dismissal is appropriate when a plaintiff fails to prosecute her case.") (emphasis omitted).

[2] Anytime submits that "'[t]he dismissal of a plaintiff's complaint for lack of jurisdiction requires dismissal of a defendant's counterclaim unless the counterclaim presents independent grounds of jurisdiction,'" and that since "there is neither federal question jurisdiction nor jurisdiction based on diversity of citizenship … it would be proper and just to dismiss [its] counterclaim without prejudice." Doc. #17 at 3 (quoting *Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 874 F.2d 283, 291 (5th Cir. 1989)). The Court is not dismissing Brown's complaint for lack of jurisdiction, and Anytime does not explain why it contends jurisdiction over Brown's complaint is lacking. Indeed, Brown's complaint

Whether to dismiss Brown's complaint with prejudice as Anytime asks, however, is another matter. Dismissal with prejudice "is a severe sanction," *Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021), and is appropriate only where there is "a clear record of delay or contumacious conduct by the plaintiff" and "lesser sanctions would not serve the best interests of justice," *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Buchanan v. United States*, No. 24-50194, 2024 WL 4057580, at *2 (5th Cir. Sept. 5, 2024). Notably, "dismissal without prejudice [is] usually appropriate before dismissing with prejudice." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).

Anytime does not mention the word "delay" in its motion to dismiss or its memorandum brief. Nor does Anytime argue that it has suffered any prejudice, actual or otherwise, or that Brown's failures are the result of intentional conduct. While Brown did not comply with Judge Sanders' order regarding the matter of her legal representation, did not serve initial disclosures or respond to Anytime's discovery requests, and has taken no action in this case since her attorneys were withdrawn over five months ago, the Court cannot conclude that such amounts to a clear record of delay or contumacious conduct to justify the dismissal of Brown's complaint with prejudice and that no lesser sanctions would suffice.

Consequently, Anytime's motion to dismiss is [16] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent Brown's complaint is dismissed without prejudice

---

asserts Title VII claims. *See* Doc. #1. So while the Court will grant Anytime's request to dismiss its counterclaim without prejudice, it is not for the reasons Anytime offers.

and Anytime's counterclaim is dismissed without prejudice. The motion is DENIED in all other respects. Anytime's demand for jury trial [7] is **DENIED as moot**. A judgment will be issued.

**SO ORDERED**, this 29th day of January, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**